**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Maria Felix Aguilar-Parra,

Petitioner,

v.

Unknown Party,

Respondent.

No. CV-26-02753-PHX-MTL (ASB)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE MICHAEL T. LIBURDI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is pro se Petitioner Maria Felix Aguliar-Parra's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1)[1], filed on April 20, 2026. Petitioner disputes her detention at Eloy Detention Center and seeks release from immigration custody or a bond hearing. (*Id.* at 7.) For the reasons that follow, undersigned recommends the Petition be denied and dismissed without prejudice.

## I. PROCEDURAL HISTORY AND BACKGROUND

The Court previously summarized the facts and Petition as follows:

> Petitioner appears to be a native of Venezuela. (Doc. 1 at 6[.]) It is not clear when or how she entered the United States or how long she has resided here, though she alleges that she was taken into immigration custody on December 12, 2025. (*Id.* at 4[.])
>
> Petitioner raises four, interrelated grounds for relief. However,

[1] Citation to the record indicates documents as they are displayed in the District of Arizona's official Court electronic document filing system under Case No. CV-26-02753-PHX-MTL (ASB).

> given the paucity of information provided, the Court is unable to determine the probity of her claims. Liberally construed, however, Petitioner's claims support that she is—broadly speaking—improperly detained.[2]

(Doc. 4 at 2.) Petitioner requested the following relief: (1) immediate release from Immigration and Customs Enforcement ("ICE") custody under reasonable supervision; (2) alternatively, a bond hearing within seven days with the burden on the government; (3) an order prohibiting transfer or retaliation while the Petition is pending; and (4) any other relief the Court deems just and proper. (Doc. 1 at 6.)

This Court in its Screening Order ordered Respondent[3] Christopher Howard, Warden of Eloy Detention Center, to answer the Petition. (Doc. 4 at 2.) After the Court granted Respondent's request for an extension of time (Doc. 15), Respondent filed a "Response to Petition for Writ of Habeas Corpus (Doc. 1)" on July 15, 2026. (Doc. 17.) In his Response, Respondent argues that the Petition should be denied as moot. (*Id.* at 1.) Respondent asserts that Petitioner was released from immigration custody on June 23, 2026. (*Id.*) Respondent argues that the Petition, which concerned Petitioner's arrest and subsequent detention by ICE, is now rendered moot because Petitioner has been released from ICE custody, and there is thus no case or controversy for the Court to resolve. (*Id.* at 1-2.)

Based on the record before this Court, the last two attempts to deliver to Petitioner the filings in the present matter have failed. (*See* Docs. 16, 18.) First, the attempted service of the Court's June 24, 2026 Order (Doc. 13) to Petitioner's listed address at the Eloy Detention Center failed, and the mail was returned as undeliverable on June 26, 2026, with the return reason indicated "unclaimed/not in custody." (Doc. 16.) Second, the attempted

---

[2] In Ground Four, Petitioner alleges that she has not been provided proper medical care while detained. Such claims are not properly raised in a petition for habeas corpus, and will thus be dismissed. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

[3] Petitioner initially named "Warden, Eloy Detention Center (CoreCivic)" in her Petition. (Doc. 1.) This Court substituted Christopher Howard as Respondent in its April 24, 2026 Screening Order. (Doc. 4 at 2.)

service of the Court's July 13, 2026 Order (Doc. 5) was returned as undeliverable on July 20, 2026, with the same reason indicated ("unclaimed/not in custody"). (Doc. 18.) Furthermore, Petitioner has not filed a Reply.[4]

## II. ANALYSIS

Under Article III of the United States Constitution, a federal court has jurisdiction over actual, ongoing controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "Mootness can arise at any stage of litigation" and "federal courts may not give opinions upon moot questions or abstract propositions[.]" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation marks and citations omitted). "A petitioner's deportation does not automatically render his claim moot" but rather "to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (first citing *Zegarra–Gomez v. INS*, 314 F.3d 1124, 1126–27 (9th Cir. 2003); then quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A petitioner's claims are rendered moot when the claims were "fully resolved by the release from custody" and "successful resolution of their pending claims could no longer provide the requested relief." *Abdala*, 488 F.3d at 1065.

Based on the undisputed record before this Court, Petitioner was released from ICE custody on June 23, 2026. (*See* Doc. 17.) This is supported by both Respondents' assertions regarding the date of release (*id.*) and the two pieces of returned mail received by this Court indicating Petitioner is no longer in ICE custody. (Docs. 16, 18.)

Petitioner's claims in her Petition entirely concern her detention in ICE custody. (*See* Doc. 1.) Petitioner's only requests for relief are for this Court to order her release from ICE custody, or order a bond hearing, and issue an order prohibiting transfer or retaliation

[4] Based on the Referral Order issued by this Court, Petitioner had ten days from the date of service of Respondent's Answer to file a Reply. (Doc. 4 at 3.) Respondent filed their Answer "Response to Petition for Writ of Habeas Corpus (Doc. 1)" on July 15, 2026. (Doc. 17.) However, Respondent did not include a certificate of service of the Answer to Petitioner (*see id.*), despite the Court reminding Respondent of its service and notice obligations previously in this matter. (*See* Doc. 13.) Nevertheless, based on the returned mail (Docs. 16, 18), the Court is confident Petitioner is no longer in ICE custody and will not order Respondent to file their required notice of certificate of service to the Court.

while the Petition is pending. (*See id.*) Because Petitioner's release from ICE custody fully resolves the claims and that "successful resolution of [the] pending claims could no longer provide the requested relief[,]" Petitioner's claims are now moot. *See Abdala*, 488 F.3d at 1065. Petitioner has not alleged any collateral consequences that may be redressed by success on the Petition. *See id*. Accordingly, undersigned will recommend that the Petition be dismissed as moot.

## III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED** as moot.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 30th day of July, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge